WALTER A. BRISTOW v. STATE.

No. A-5053.    Opinion Filed May 8, 1925.
(235 Pac. 1113.)

(Syllabus.)

**Appeal and Error—Case Abated on Death of Accused Pending Appeal.**
In a criminal action, the purpose of the proceeding being to punish the accused, the action must necessarily abate upon his death, and, where it is made to appear that plaintiff in error has died pending the determination of his appeal, the cause will be abated.

Appeal from District Court, Blaine County; A. S. Wells, Assigned Judge.

Walter A. Bristow was convicted of giving intoxicating liquor to a minor, and he appeals. Proceedings ordered abated.

Seymour Foose and R. C. Brown, for plaintiff in error.

George F. Short, Atty. Gen., G. B. Fulton, Asst. Atty. Gen., and Allan Falkenstine, Co. Atty., for the State.

DOYLE, J. Plaintiff in error, Walter Bristow, was convicted on an information charging that on November 5, 1922, he unlawfully and feloniously gave to one James Long, a male minor of the age of 15 years, a pint of whisky. On the trial the jury returned a verdict, finding the defendant guilty as charged in the information, and fixing his punishment at a fine of $50 and confinement in jail for 30 days. To reverse the judgment, he appealed by filing in this court on March 6, 1924, a petition in error with case-made.

Since the appeal was taken and before the final submission of the cause, the Attorney General has filed a motion to abate the proceedings. This motion is substantiated by a letter from the county attorney of Blaine county, directed to the Attorney General on April 29, 1925, which states that plaintiff in error, Walter A. Bristow, died in Watonga, Okla., some little time before the letter was written.

In a criminal action, the purpose of the proceedings being to punish the defendant in person, the action must necessarily abate upon his death.

It is therefore adjudged and ordered that the proceedings in the above-entitled cause, and especially under the judgment rendered, have abated, and that the district court of Blaine county enter its appropriate order to that effect.

BESSEY, P. J., and EDWARDS, J., concur.